UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

ANTHONY FLANAGAN,

    Plaintiff,

v.

UNITED PARCEL SERVICE, INC,
a Foreign Profit Corporation,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Anthony Flanagan, ("Mr. Flanagan" or "Plaintiff") files this Complaint against Defendant, UNITED PARCEL SERVICE, INC, ("UPS" or "Defendant"), and states as follows:

### INTRODUCTION

1. Plaintiff brings this action pursuant the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA") to recover from Defendant back pay, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq*.

3. This Court also has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as his ADA claims.

4. At all times relevant hereto, Plaintiff was an employee of Defendant.

5.  Plaintiff worked for Defendant in Miami-Dade County, Florida, and this venue is therefore proper.

6.  Defendant is a Foreign Profit Corporation that is located and does business in Miami-Dade County, Florida, and is therefore within the jurisdiction of the Court.

7.  Plaintiff is a disabled male. At all times material, Plaintiff was protected during his employment with Defendant by the FCRA and ADA because:

    a.  Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of his disability or "perceived disability" by Defendant; and

    b.  Plaintiff was retaliated against and suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of his disability or "perceived disability," and his request for reasonable accommodation.

8.  Defendant was at all times an "employer" as envisioned by the ADA and FCRA as it employed in excess of fifteen (15) employees.

## **CONDITIONS PRECEDENT**

9.  On or around August 16, 2021, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

10.  More than 180 days have passed since the filing of the Charge of Discrimination.

11.  On or around February 14, 2024, the EEOC issued a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on his claims within 90 days of his receipt of the same.

12. Plaintiff timely files this action within the applicable period of limitations against Defendant.

13. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

14. Mr. Flanagan worked for UPS, most recently as an Automotive Partsman from February 9, 1993, until his unlawful termination on February 12, 2021.

15. During his lengthy tenure, Mr. Flanagan was an exceptional employee with no history of non-ADA/FCRA related attendance, performance, or disciplinary issues.

16. Unfortunately, Mr. Flanagan suffers from multiple sclerosis, and later dysautonomia which as you know, are considered a "protected disability" under the ADA/FCRA. *See* 42 U.S.C. § 12102.

17. Despite this, Mr. Flanagan worked without issue until UPS hired Supervisor, Rudolph Gayle ("Mr. Gayle"), who discriminated against Mr. Flanagan for no other reason than his medical condition and need for accommodations.

18. After Mr. Flanagan objected numerous times to this unlawful behavior, UPS took the ultimate retaliatory step and terminated our client, in violation of the ADA/FCRA.

19. Accordingly, Mr. Flanagan's multiple sclerosis and dysautonomia, both impair Mr. Flanagan's ability to sleep, work, and cause extreme fatigue and pain.

20. As a result, Mr. Flanagan benefits greatly from being able to work morning shifts. For decades, Mr. Flanagan was able to enjoy the benefits of employment at UPS without issue by working from 5:00. A.M. to 3:00 P.M.

21. Unfortunately, in 2016, UPS hired Mr. Gayle, a truly unprofessional and prejudicial individual, who quickly began taking over Mr. Flanagan's work duties without notice or explanation.

22. As a result, on August 2, 2017, Mr. Flanagan objected, in writing, to Mr. Gayle's sabotage of his employment.

23. Just two days later, UPS management informed Mr. Flanagan (through the "bid" process) that his start time would be changed from 5:00 A.M. to 3:00 P.M.

24. As UPS and its managers had long been aware of Mr. Flanagan's disability and need for accommodation, it is evident that UPS managers orchestrated this schedule change to target Mr. Flanagan due to his disability in violation of the law.

25. The foregoing sequence of events laid the groundwork for a stunning cycle of discrimination and retaliation which persisted for the rest of Mr. Flanagan's employment at UPS.

26. The cycle presented itself as follows: Mr. Gayle would begin sabotaging Mr. Flanagan's employment by taking away his duties, Mr. Flanagan would object to Mr. Gayle's discriminatory behavior and as a result, UPS retaliated against Mr. Flanagan by placing a "bid" to violate his reasonable accommodations (namely, changing his schedule).

27. After this, Mr. Flanagan would file a written grievance against Mr. Gayle, and his start time would be reverted back to normal.

28. This sequence of events repeated itself so many times, that Mr. Flanagan had to make objections to Mr. Gayle on the following dates: August 2, 2017, August 10, 2017, August 24, 2018, September 21, 2018, and October 17, 2018.

29. The fact that UPS took no remedial measures to rectify the obvious discrimination faced by Mr. Flanagan is staggering and falls far below what the ADA/FCRA requires.

30. UPS' discrimination/retaliation reached its zenith in August 2020, when Mr. Gayle verbally and aggressively accosted Mr. Flanagan due to a perceived work-related issue.

31. When Mr. Flanagan objected once more, UPS retaliated against him, changed his schedule again, and to add insult to injury, removed him from his air-conditioned office.

32. When Mr. Flanagan, again, submitted doctor's notes evidencing his need for a morning schedule and access to air conditioning, UPS managers ignored him.

33. As a result, Mr. Flanagan struggled with his new schedule, and the symptoms of his disability were exacerbated drastically due to UPS' unreasonable refusal of his accommodations.

34. Shortly thereafter, Mr. Flanagan submitted additional medical documentation notes through UPS' ADA process, but UPS refused to reinstate his reasonable accommodations.

35. It thus comes as no surprise that on December 23, 2020, Mr. Gayle and Manager, Shane Thorton, informed Plaintiff that he was terminated, effective immediately, and without explanation.

36. It is clear that Mr. Flanagan's disability and request for accommodation/leave were seen as problematic to UPS managers, and they believed the solution was to simply force him out.

37. Any other reason theorized by UPS is mere pretext.

38. Plaintiff is an individual with a disability who, with reasonable accommodation, was fully capable of performing the essential functions of his job as an Automotive Partsman and had been doing so for years.

39. In reality, Defendant's termination of Plaintiff stemmed from its discriminatory animus toward his disability and his need for accommodation under the ADA/FCRA.

40. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA/FCRA.

41. The timing of Plaintiff's termination makes the causal connection between his disability disclosure/request for reasonable accommodation under the ADA/FCRA, and his termination sufficiently clear.

42. The facts surrounding Plaintiff's termination also create a strong inference of disability discrimination in violation of the ADA/FCRA.

43. Defendant was aware of Plaintiff's ADA/FCRA-protected disability and need for accommodation.

44. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during his employment. Therefore, he is protected class member as envisioned by the ADA and the FCRA.

45. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of his disability and/or "perceived disability."

46. Defendant's actions are the exact type of unfair and retaliatory employment practices the ADA and FCRA were intended to prevent.

47. Defendant did not have a good faith basis for its actions.

48. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

49. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

50. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

51. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## DISCRIMINATION UNDER THE ADA BASED ON DISABILITY

52. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 51, above.

53. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

54. The discrimination to which Plaintiff was subjected was based on his disability and/or "perceived disability."

55. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

56. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

57. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

58. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional

distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT II
## DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY

59. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 51.

60. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

61. The discrimination to which Plaintiff was subjected was based on his disability/handicap, or "perceived disability."

62. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

63. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

64. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

65. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional

distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT III
## RETALIATION UNDER THE ADA BASED ON DISABILITY

58. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 51 above.

59. Plaintiff was terminated within close temporal proximity of his objections to Defendant that he felt she was being discriminated against based on his disability, and his request for reasonable accommodation.

60. Plaintiff's objections, and request for reasonable accommodation, constituted protected activity under the ADA.

61. Plaintiff was terminated as a direct result of his objections to what he reasonably believed to be disability discrimination, and his request for reasonable accommodation.

62. Plaintiff's protected activity, and his termination, are causally related.

63. Defendant's stated reasons for Plaintiff's termination are a pretext.

64. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

65. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

66. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

67. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

### COUNT IV
### RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT
### BASED ON DISABILITY

68. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 51 above.

69. Plaintiff was terminated within close temporal proximity of his objections to Defendant that he felt he was being discriminated against based on his disability, and his request for reasonable accommodation.

70. Plaintiff's objections, and request for reasonable accommodation, constituted protected activity under the FCRA.

71. Plaintiff was terminated as a direct result of his objections to what he reasonably believed to be disability discrimination, and his request for reasonable accommodation.

72. Plaintiff's protected activity, and his termination, are causally related.

73. Defendant's stated reasons for Plaintiff's termination are a pretext.

74. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

75. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

76. Plaintiff is entitled to recover his reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

77. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 13th day of May 2024.

        Respectfully Submitted,

        ***By: /s/ Noah Storch***
        Noah E. Storch, Esq.
        Florida Bar No. 0085476
        RICHARD CELLER LEGAL, P.A.
        10368 W. SR 84, Suite 103
        Davie, Florida 33324
        Telephone: (866) 344-9243
        Facsimile: (954) 337-2771
        E-mail: noah@floridaovertimelawyer.com

        *Counsel for Plaintiff*